UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV02127 ERW |
| ) | |
| HARTFORD LIFE INSURANCE ) | |
| COMPANY, and AUTOMOBILE ) | |
| CLUB OF MISSOURI, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel [doc. #35, amended doc. #38]. The Court held a hearing on this Motion on May 18, 2010, after which Plaintiff requested additional briefing to address arguments raised by Defendant Automobile Club of Missouri ("Defendant") at the hearing. The Court granted Plaintiff's request, additional briefing was completed by Plaintiff and Defendant, and the matter is now ready for resolution by this Court.

Plaintiff seeks an Order from this Court, overruling Defendant's objections to number three of Plaintiff's Request to Produce, which seeks a copy of the relevant claim file, and to numbers one and two of Plaintiff's Second Request to Produce, which seek a claim manual and written materials used for the training of claims representatives. Defendant objects to the production of the claim file, arguing that it contains documents prepared in anticipation of trial and the mental impressions and trial strategy of Defendant's attorneys and representatives. Additionally, Defendant argues that Plaintiff has not demonstrated a need for the claim file.

Defendant also objects to the production of the claim manual and training materials, arguing that Automobile Club of Missouri does not have a claim manual, and that Automobile Club Inter-Insurance Exchange's claim manual and the training materials are not likely to lead to the discovery of admissible evidence.

The Court finds that Plaintiff has demonstrated a need for the claim file, but production of the claim file should be limited to exclude documents prepared in anticipation of trial. Thus, Defendant is ordered to produce all documents contained in the claim file that were created or prepared before June 1, 2009, the date on which Plaintiff's attorney sent a demand letter to one of Defendant's claims representatives. To the extent Defendant believes that the claim file contains privileged information, Defendant shall produce a privilege log setting forth what has been retained, and on what basis.

With respect to the request for production of claim manuals, the Court orders that Defendant shall produce all of its existing claim manuals, if any. The Court also orders that Defendant shall produce all written materials used for the training of its claims representatives.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel [doc. #35, amended doc. #38] is **GRANTED**, **in part**, and **DENIED**, **in part**, as set forth above.

Dated this 24th Day of August, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE