UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HARTFORD LIFE INSURANCE )<br>COMPANY, and AUTOMOBILE )<br>CLUB OF MISSOURI, )<br>)<br>Defendants. ) | Case No. 4:09CV02127 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Hartford Life Insurance Company's Motion to Apply an Arbitrary and Capricious Standard of Review [doc. #29].

This case generally involves the denial of a claim for employee benefits, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). "ERISA . . . is a comprehensive statue that sets certain uniform standards and requirements for employee benefit plans," and "was enacted in response to growing concerns about 'the mismanagement of funds accumulated to finance employee benefits and the failure to pay employee benefits from accumulated funds.'" *Minn. Chapter of Associated Builders & Contractors, Inc. v. Minn. Dep't of Public Safety*, 267 F.3d 807, 810 (8th Cir. 2001) (internal citations and quotations omitted). Under ERISA, a plan participant may file a civil action in order to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "The first step in evaluating a denial of benefits claim under ERISA is determining the appropriate standard of

review." *Goewert v. Hartford Life & Accident Ins. Co.*, 442 F. Supp. 2d 724, 727 (E.D. Mo. 2006).

At the Rule 16 Conference in this matter, held on February 23, 2010, the Court requested that the parties submit arguments regarding the appropriate standard of review to apply in this case, so that the issue could be resolved prior to the filing of motions for summary judgment. In its Motion, Defendants Hartford Life Insurance Company ("Defendant Hartford") requests that the Court apply an arbitrary and capricious standard of review in determining whether Defendant Hartford improperly denied Plaintiff Christine Anderson's claim for life insurance benefits. Plaintiff then filed a Response to Defendant Hartford's Motion, arguing that the Court should instead apply a *de novo* standard when examining the denial of her claim.

"'[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" *Ravenscraft v. Hy-Vee Emp. Benefit Plan & Trust*, 85 F.3d 398, 401 (8th Cir. 1996) (alteration in original) (quoting *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989)); *see also Sheehan v. Guardian Life Ins. Co.*, 372 F.3d 962, 966 (8th Cir. 2004). "Where a plan gives the administrator discretionary power to construe uncertain terms or to make eligibility determinations, . . . the administrator's decision is reviewed only for 'abuse . . . of his discretion.'" *King v. Hartford Life & Accident Ins. Co.*, 414 F.3d 994, 998-99 (8th Cir. 2005) (en banc) (second alteration in original) (quoting *Bruch,* 489 U.S. at 111); *see also Conkright v. Frommert,* 130 S.Ct. 1640, 1646 (2010) (following *Firestone*, and noting that *Firestone* established "a broad standard of deference without any suggestion that the standard was susceptible to ad hoc exceptions"). The Eighth Circuit has noted that "[i]f the

2

benefit plan gives discretion to the plan administrator, then we review the plan administrator's decision for an abuse of discretion. We reverse the plan administrator's decision 'only if it is arbitrary and capricious.'" *Groves v. Metro. Life Ins. Co.*, 438 F.3d 872, 874 (8th Cir. 2006) (internal citation omitted) (quoting *Hebert v. SBC Pension Benefit Plan,* 354 F.3d 796, 799 (8th Cir. 2004)); *see also Manning v. American Republic Ins. Co.,* 604 F.3d 1030, 1038 (8th Cir. 2010) ("Under the abuse of discretion standard, the court must affirm the plan administrator's interpretation of the plan unless it is arbitrary and capricious."). The Eastern District of Missouri has established that "[u]nder this standard, a court will uphold the plan administrator's decision to deny benefits unless it was 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Burke v. Univar USA, Inc.*, 354 F. Supp. 2d 1047, 1055 (E.D. Mo. 2005) (quoting *Marolt v. Alliant Techsystems, Inc.,* 146 F.3d 617, 619 (8th Cir. 1998)). For an employee benefit plan to prompt the deferential abuse of discretion standard of review, there must be "explicit discretion-granting language in the policy or in other plan documents." *McKeehan v. Cigna Life Ins. Co.,* 344 F.3d 789, 793 (8th Cir. 2003) (internal quotations omitted).

The issue this Court must consider now is whether the life insurance policy at issue in this case[1] expressly granted discretion to the plan administrator to make determinations regarding plan eligibility and the construction of plan terms. In conjunction with its Motion, Defendant Hartford submitted the certificate of insurance for the group benefit insurance policy issued to Plaintiff's

---

[1]The specific policy at issue is a life insurance policy that was issued by Defendant Hartford to Plaintiff's deceased husband, James Sisco, with Plaintiff as the beneficiary. Mr. Sisco died on August 14, 2007, and Defendant Hartford subsequently denied Plaintiff's claim for benefits under the policy.

3

husband's employer. The certificate of insurance contains a section entitled "ERISA Information," which provides:

> The benefits described in your booklet-certificate (Booklet) are provided under a group insurance policy (Policy) issued by the Hartford Life and Accident Insurance Company (Insurance Company) and are subject to the Policy's terms and conditions. The Policy is incorporated into, and forms a part of, the Plan. The Plan has designated and named the Insurance Company as the claims fiduciary for benefits provided under the Policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy.

(Def.'s Ex. A, doc. #30-1). Additionally, the following language appears under "Claims Procedures" in the "ERISA Information" section of the certificate of insurance: "The Plan has designated and named the Insurance Company as the claims fiduciary for benefits provided under the Policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." (Def.'s Ex. A, doc. #30-1). This language clearly and explicitly grants discretion to Defendant Hartford in making eligibility determinations; in fact, Plaintiff does not dispute this explicit grant of discretion.

Although Plaintiff does not dispute that the language cited by Defendant Hartford grants discretion to the plan administrator, Plaintiff objects to Defendant Hartford's request for an arbitrary and capricious standard of review, and instead requests that the Court review the denial of Plaintiff's claim *de novo*. Plaintiff's argument in support of her recommended *de novo* standard of review is based on the assertion that the above cited language was not included in the documents provided to Plaintiff by Defendant Hartford during the administrative process. In support of her argument, Plaintiff submitted to the Court a letter that her attorney sent to

4

Defendant Hartford, requesting "all materials which your company reviewed in denying this claim." (Pl.'s Ex. 1, doc. #42-1). Richard T. Jordan, an Examiner for Defendant Hartford, replied to Plaintiff's counsel's letter, stating, "Per your request, I am enclosing a copy of all documents used in the review of this claim, in addition to a copy of the policy booklet." (Pl.'s Ex. 2, doc. #42-2). According to Plaintiff, the materials received from Mr. Jordan did not include a copy of the certificate of insurance, nor any of the provisions contained therein. Plaintiff argues that the certificate of insurance "was not a part of the Plan Document relied upon by Defendant in rendering its decision to deny benefits," so it "should not be considered to confer discretion to Hartford in this benefit dispute." (Pl.'s Response, doc. #42, p.2).

There are several problems with Plaintiff's argument. First, Plaintiff has not cited any authority, nor is this Court aware of any, to support the proposition that a court can only examine the documents provided to the plaintiff during the administrative appeal of a claim to determine if there is an express grant of discretion. To the contrary, the well-established rule of law is that the arbitrary and capricious standard of review applies when the plan documents grant discretionary authority to the plan administrator. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also McKeehan v. Cigna Life Ins. Co.,* 344 F.3d 789, 793 (8th Cir. 2003) (noting that there must be "explicit discretion-granting language in the policy or in other plan documents"). The Court reads this rule to mean that it must examine all plan documents applicable to the employee benefit plan at issue in this case, regardless of whether those documents were "reviewed in denying [Plaintiff's] claim" (Pl.'s Ex. 1, doc. #42-1), and regardless of whether they were provided to Plaintiff or her counsel during the administrative process.

5

Second, Plaintiff has failed to acknowledge that there is a difference between what she requested from Defendant Hartford during her appeal, and what this Court can consider in determining which standard of review to apply. Plaintiff requested all documents that Defendant Hartford relied on in denying her claim for benefits, which is different than requesting all relevant plan documents. Moreover, it seems unlikely that Defendant Hartford would need to consult provisions regarding ERISA and the discretion granted to the plan administrator in order to determine whether the death of Plaintiff's husband qualified for benefits under the life insurance plan. Thus, if Plaintiff indeed did not receive the "ERISA Information" section of the certificate of insurance, it was reasonable for Defendant Hartford not to send that document in response to a request for documents that the company relied on in denying Plaintiff's claim. Finally, there are significant policy concerns implicated by Plaintiff's argument. As Defendant Hartford astutely observed in its Reply Brief,

> Plaintiff must contend that by failing to send to Plaintiff the "ERISA Information" section during the appeal stage of her claim for benefits, either: (a) Hartford informally amended the Plan to delete the grant of discretion, as to her and as to all other Plan participants; or (b) the omission allows this Court to rewrite the terms of the Plan to delete the grant of discretion when reviewing Plaintiff's claim for benefits in this case.

(Def.'s Reply, doc. #44, pp.4-5). However, neither of these scenarios can be true in this case. It is well-settled that a plan provider such as Defendant Hartford cannot informally amend the terms of its employee benefit plans. *See Antolik v. Saks, Inc.*, 463 F.3d 796, 801 (8th Cir. 2006) (discussing "the fundamental principle that ERISA precludes oral or informal amendments to a plan, by estoppel or otherwise" (internal quotation omitted)). Thus, Defendant Hartford's alleged failure to send the "ERISA Information" section to Plaintiff during the appeal of her claim for

6

benefits, an informal act on the part of Defendant Hartford, could not effectively alter the terms of the employee benefit plan at issue in this case. Additionally, this Court is not permitted to rewrite terms of employee benefit plans however it sees fit. *See Davolt v. Exec. Comm. of O'Reilly Automotive*, 206 F.3d 806, 810 (8th Cir. 2000) (noting, "we are not permitted to rewrite the plan simply to suit sympathetic situations"). Rather, a court is bound to interpret employee benefit plans as written, "unless the overridden plan provision conflicts with statutory provisions or other policies underlying ERISA." *Admin. Comm. of Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Varco*, 338 F.3d 680, 692 (7th Cir. 2003); *see also Can. Life Assurance Co. v. Estate of Lebowitz*, 185 F.3d 231, 235 (4th Cir. 1999) ("This Court will enforce the plain language of an insurance policy unless it is in violation of ERISA. If a policy fails to incorporate the minimum protections required by ERISA, then this Court will require that the policy be rewritten to incorporate such protections."); *Dade v. N. Am. Philips Corp.*, 68 F.3d 1558, 1562 (3d Cir. 1995) (stating, "we are required to enforce the Plan as written unless we can find a provision of ERISA that contains a contrary directive"). Plaintiff has not made any argument suggesting that any part of the employee benefit plan at issue in this case is in violation of ERISA, so this Court cannot rewrite the applicable plan.

The Court finds that, regardless of the documents provided to Plaintiff in response to her request for documents relied on in denying her claim for benefits, language in the plan documents clearly and explicitly grants discretion to Defendant Hartford in making eligibility determinations. Thus, the Court will apply the arbitrary and capricious standard of review in examining Plaintiff's claims against Defendant Hartford.

Accordingly,

7

**IT IS HEREBY ORDERED** that Defendant Hartford Life Insurance Company's Motion to Apply an Arbitrary and Capricious Standard of Review [doc. #29] is **GRANTED**.

Dated this 20th Day of October, 2010.

                                                E. RICHARD WEBBER
                                                UNITED STATES DISTRICT JUDGE